41 F.3d 1507
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mark Anthony REED, Plaintiff-Appellant,
v.
John JABE; Robin Pratt; G. Edwards, Sgt.; White, Corr.
Officer; Kevin J. Hill, Defendants-Appellees.
 No. 94-1171.
 United States Court of Appeals, Sixth Circuit.
 Nov. 22, 1994.
 
 Before: WELLFORD, RYAN and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Mark Anthony Reed appeals a district court order granting summary judgment for the defendants in Reed's civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and injunctive relief, Reed sued numerous Michigan correctional personnel in their individual capacities, alleging that the defendants violated his Eighth Amendment and due process rights by failing to protect him from an assault by another inmate. After consideration of the parties' cross-motions for summary judgment and over Reed's objections, the district court adopted the magistrate judge's report and recommendation, and granted summary judgment for the defendants. Reed has filed a timely appeal.
 
 
 3
 Upon review, we conclude that the district court properly granted summary judgment for the defendants. There is no genuine issue as to any material fact and the defendants are entitled to judgment as a matter of law. See Moore v. Philip Morris Cos., 8 F.3d 335, 339 (6th Cir.1993). The defendants showed an absence of evidence to support Reed's claim that they were deliberately indifferent to his risk of injury prior to the assault by another inmate. See Nelson v. Overberg, 999 F.2d 162, 165 (6th Cir.1993). Reed did not present significant probative evidence in support of his claim to defeat the defendants' summary judgment motion. Moore, 8 F.3d at 340. Additionally, he failed to state a claim that the defendants violated his due process rights by not placing him in administrative segregation for his own protection. See generally Mackey v. Dyke, 29 F.3d 1086, 1092 (6th Cir.1994).
 
 
 4
 Accordingly, we affirm the judgment for the reasons set forth in the magistrate judge's report and recommendation filed on December 21, 1993, as adopted by the district court in its order filed on January 28, 1994. Rule 9(b)(3), Rules of the Sixth Circuit.